# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JAMES F. DEVLIN,** individually and as :
Executor of the Estate of James C. Devlin :

      **Plaintiff,**

v.                               :     3:12-CV-766
                                   :     (JUDGE MARIANI)
**THE HOME DEPOT USA, INC.**     :

      **Defendant**                    :

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Defendant's Motion to Strike Plaintiff's Demand for Punitive Damages (Doc. 3). For the reasons set forth below, the Court will deny without prejudice Defendant's motion.

### II. Factual Allegations and Procedural History

On April 9, 2011, Plaintiff's Decedent, James C. Devlin, walked towards "Defendant's store near the Contractor's Entrance," where "a forklift was moving about that area and at some point paused, leaving its forks directly in the path of" the deceased. (Compl. at ¶ 5). The deceased "continued toward the entrance of the store when his foot caught the blade of the forklift, and he was suddenly and violently thrown to the ground causing him to sustain personal injuries" in the form of "fractures of the superior and inferior pubic ramis [*sic*]" and an "injury to his right elbow." (*Id.* at ¶¶ 5-7). These injuries allegedly led to the decedent's death on April 14, 2011. (*Id.* at ¶ 8).

Plaintiff James F. Devlin, acting as executor of James C. Devlin's estate, brought the present two-count Complaint in which he asserts claims for survivorship and wrongful death. In support of the claim for punitive damages, Plaintiff alleges that Defendant and its agents were negligent in a willful, wanton, and/or reckless manner because they failed to warn Plaintiff about the presence of the forklift, failed to place a barrier around the forklift to protect customers from tripping over it, failed to train properly employees who used the forklift, parked the forklift near the entrance, operated the forklift in close proximity to customers, and disregarded the safety of customers. (*Id.* at ¶ 14).

### III.    Standard of Review on Motions to Dismiss

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[W]hen presented with a motion to dismiss for failure to state a claim, . . . [the] Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949). The "Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211.

2

District courts confronted by a motion to dismiss should engage in a two-step analysis. First, the district court should accept all well-pleaded facts as true, but may reject mere legal conclusions. Second, the district court should then determine whether the facts as asserted, establish a "plausible claim for relief." *Iqbal*, 129 S. Ct. at 1950. Thus, a complaint must "show" an entitlement for relief with facts, as a mere allegation that a plaintiff is entitled to relief is insufficient to withstand a motion to dismiss. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008). As the Supreme Court noted in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. At 1949. This "plausibility" determination will be a "context- specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.; see also Fowler*, 578 F.3d at 210-11.

## IV. Analysis

"[P]unitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 705 (Pa. 1991) (internal citations and quotation marks omitted). "Thus, a showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005). Punitive damages "are not awarded to compensate the plaintiff for

3

[his] damages but rather to heap an additional punishment on a defendant who is found to have acted in a fashion which is particularly egregious." *Id.* at 446.

The Court concludes that at this stage of the case, it is premature to dismiss the claim for punitive damages before discovery can reveal the presence or absence of conduct evidencing the requisite improper motive or reckless indifference on the part of Defendant and its agents. Defendant cites a number of cases in support of its motion, but those cases actually favor a finding that the motion to dismiss in this case is premature. For instance, in *Hall v. Jackson*, the Pennsylvania Superior Court affirmed the trial court's decision not to charge the jury with punitive damages instructions. 788 A.2d 390, 404 (Pa. Super. Ct. 2001) ("we agree with the trial court's conclusion that the [defendant's] conduct, while constituting an error of judgment, did not rise to the level of recklessness required for Plaintiffs to be entitled to punitive damages."). Likewise, in *Martin v. Johns-Manville Corp.*, the state Supreme Court affirmed the trial court's determination that the plaintiff's evidence of the defendant's "outrageous conduct was insufficient to submit the issue of punitive damages to the jury." 494 A.2d 1088, 1092 (Pa. 1985), *abrogated on other grounds by Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800 (Pa. 1989).

At this initial stage, Plaintiff has alleged that Defendant's agent(s) left a forklift near an entranceway through which the decedent entered. (Compl. at ¶ 5). Because of the proximity of the forklift to the entrance, the lack of any barrier around the forklift or warning as to its presence, and the potentially dangerous nature of such heavy machinery, the

4

decedent suffered injuries from which he eventually died. (*Id.* at ¶¶ 5-8, 14). Plaintiff alleges that Defendant, by and through its agents, disregarded (or was recklessly indifferent to) the safety of its customers through the above actions and inactions. (*Id.* at ¶ 14). Liberally construed, Plaintiff's Complaint has pleaded adequately a claim for punitive damages.

## V. Conclusion

For the foregoing reasons, the Court will deny without prejudice Defendant's Motion to Strike Plaintiff's Demand for Punitive Damages.

_____
Robert D. Mariani
United States District Judge